UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTINA CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-254 |
| ) | (JORDAN/SHIRLEY) |
| V. ) | |
| ) | |
| TENNESSEE CANCER SPECIALISTS, PLLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. The parties appeared before the undersigned on May 1, 2013. Attorneys Tripp White and Kristi Davis were present representing the Plaintiff. Attorneys Ward Phillips and Adam Russell were present representing the Defendant.

Now before the Court is Plaintiff's Motion *in Limine* and Brief For Sanctions to Exclude Evidence [Doc. 25]. Plaintiff submits that on October 10, 2012, Plaintiff served requests for production on the Defendant. Request for Production #7, directed: "To the extent not already produced, please produce all documents and things acquired by you (through subpoena, release, or otherwise) that relate to Plaintiff, including but not limited to medical records and employment records." Defendant responded "Subject to entry of a Protective Order, defendant will produce defendant's and Ms. Gibbs' telephone records obtained through subpoena as Exhibit 11."

On January 10, 2013, Defendant took the deposition of Plaintiff. Plaintiff states that defense counsel confronted Plaintiff with photocopies of electronic messages.[1] The messages appear to have been sent between the Plaintiff and Amy Taylor, a co-worker of the Plaintiff at the Defendant entity. Plaintiff argues that the Affidavit of Amy Taylor [Doc. 25-1], which was used to authenticate the messages, demonstrates that Defendant had been in possession of the photocopies of the messages since April 2012.

Plaintiff maintains that the messages should have been disclosed under Rule 26 of the Federal Rules of Civil Procedure as a supplement to either Defendant's initial disclosures or in response to Request for Production #7. Plaintiff argues that the Defendant held on to the messages until Plaintiff's deposition in order to surprise Plaintiff. Plaintiff argues that the Defendant should be precluded from using the message at trial, pursuant to Rule 37(c)(1).

Defendant responds [Doc. 31] that sanctions should only be imposed where a party cannot show substantial justification for or the harmlessness of its violation. See Vaughn v. City of Lebanon, 18 Fed. App'x 252 (6th Cir. 2001). Defendant argues that – to the extent it committed a violation of the Federal Rules of Civil Procedure – it was substantially justified. Defendant maintains that it was substantially justified because counsel read Request for Production #7 as relating to documents such as medical records or employment records obtained through subpoena. Defendant notes that it timely disclosed Amy Taylor as a potential witness. Defendant states that the messages at issue were generated by Plaintiff's own cell phone, and from the syntax of the messages, it appears they were written by Plaintiff. Defendant argues that the Plaintiff arguably should have produced the messages in discovery.

---

[1] It is unclear whether the screen shot of the messages captures text messages or messages exchanged through Facebook.

Alternatively, Defendant argues the mistake was harmless. Defendant maintains that when defense counsel produced the messages at the deposition, Plaintiff's counsel asked for a moment off the record, but counsel then went forward with the deposition, without objecting to introduction of the messages or the line of questioning. During her deposition, the Plaintiff denied that she sent the messages and indicated that her fiancé, who had access to her phone, may have sent the messages to Ms. Taylor. The fiancé confirmed at his deposition that he had sent messages to the Plaintiff's co-workers. Thus, the Defendant maintains that there is no need to reconvene the deposition or exclude the messages from trial because the Plaintiff's testimony would not have been different if the messages were disclosed earlier.

Within the Sixth Circuit, it is well-established that Rule 37(c)(1) of the Federal Rules of Civil Procedure mandates that a trial court sanction a party for discovery violations in connection with Rule 26 unless the violations were harmless or were substantially justified. Vaughn v. City of Lebanon, 18 Fed. App'x 252, 263 (6th Cir. 2001); Bowe v. Consolidated Rail Corp., No. 99–4091, 2000 WL 1434584, at *2 (6th Cir. Sept. 19, 2000).

In this case, the Court finds that the Defendant's failure to comply with Rule 26 was harmless. If counsel for the Defendant had disclosed the electronic messages to Plaintiff's counsel weeks or months before her deposition, her testimony would not have changed. Counsel for the Plaintiff confirmed the same at the hearing. Moreover, when asked at the hearing to identify prejudice resulting from Defendant's violation, Plaintiff's counsel could not identify anything he would have done differently. Further, he could not identify any way in which Plaintiff's testimony would have changed.

Finally, the Court finds that the messages were not disclosed on eve of trial. They were disclosed on January 10, 2013, over six months before trial. Even as of the date of the instant

3

ruling, the deadline for completing discovery in this case has not yet expired, and the trial is over sixty days away. [Doc. 7]. Given the timing of the disclosure, the Court finds that the late disclosure did not prevent the Plaintiff from preparing its trial strategy.

For the reasons stated at the hearing and for the reasons stated herein, the Court finds that the Plaintiff's Motion *in Limine* and Brief For Sanctions to Exclude Evidence is not well-taken, because the Defendant's discovery violation was harmless. The Motion **[Doc. 25]** is **DENIED**. As the Court noted at the hearing, the parties are encouraged to be more diligent and exacting in discovery going forward.

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge